The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR24-017 JNW |
| Plaintiff | |
| | **DISCOVERY PROTECTIVE ORDER** |
| v. | |
| BRYAN JOSEPH LAKOBE WOLF, | |
| Defendant. | |

This matter, having come to the Court's attention on the Stipulation for Entry of a
Discovery Protective Order submitted by the United States of America and Defendant
Bryan Joseph Lakobe Wolf, and the Court, having considered the motion, and being fully
advised in this matter, hereby enters the following PROTECTIVE ORDER:

1.   Protected Material

The following are deemed Protected Material: materials so designated by counsel
for the United States that contain personal identifying information about the alleged
victim and individuals not parties to this litigation, where due to the size and/or nature of
the underlying discovery material the government does not believe redaction can
reasonably address the same confidentiality concerns. The United States will make

DISCOVERY PROTECTIVE ORDER - 1
*United States v. Wolf,* CR24-017 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

available copies of the Protected Material, including those filed under seal, to defense counsel to comply with the government's discovery obligations. Possession of copies of the Protected Material is limited to the attorneys of record, and investigators, paralegals, law clerks, experts, and assistants for the attorneys of record (hereinafter collectively referred to as members of the defense team).

2.    Scope of Review of Protected Material

Defense attorneys of record and members of the defense team may display and review the Protected Material with the Defendant. The attorneys of record and members of the defense team acknowledge that providing copies of the Protected Material to the Defendant and other persons is prohibited, and they agree not to duplicate and provide copies of Protected Material to the Defendant and other persons.

3.    Consent to Terms of Protective Order

The attorney of record for the Defendant is required, prior to disseminating any copies of the Protected Material to permitted recipients, such as other members of the defense team, to provide a copy of this Protective Order to those permitted recipients, and to obtain the written consent by those recipients of the terms and conditions of this Protective Order. Such written consent shall not, however, be required with respect to members of the defense team who are employed by the same office as the attorney of record; in such case, it shall be sufficient for the attorney of record to provide a copy of this Protective Order to such other members of the defense team and to remind them of their obligations under the Order. The written consent need not be disclosed or produced to the United States unless requested by the government and ordered by the Court.

4.    Parties' Reciprocal Discovery Obligations

Nothing in this order should be construed as imposing any discovery obligations on the government or the Defendant that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules

DISCOVERY PROTECTIVE ORDER - 2
*United States v. Wolf,* CR24-017 JNW

5.   Filing of Protected Material

Any Protected Material that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

6.   Nontermination

The provisions of this Order shall not terminate at the conclusion of this prosecution.  The provisions of this Order shall terminate only by court order.

7.   Violation of Protective Order

The Defendant is on notice that should he violate the terms of this protection order, the United States reserves the right to seek appropriate relief from the Court.

8.   Electronic Discovery Access at FDC SeaTac

If Defendant is in custody, however, and notwithstanding the terms of this Order, defense counsel may provide a complete copy of discovery, including protected material, to Defendant via the Federal Detention Center's Electronic Discovery and Legal Material Authorization Form and Education Department at FDC SeaTac. Defendant may review

///

///

///

DISCOVERY PROTECTIVE ORDER - 3
*United States v. Wolf,* CR24-017 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

electronic copies of Protected Material in the FDC Education Department pursuant to Bureau of Prisons and FDC SeaTac policies and procedures, but he will not be permitted to have a copy of the Protected Material in his cell.

DATED this 26th day of February 2024.

Jamal N. Whitehead
United States District Judge

Presented by:

*/s/ J. Tate London*
J. TATE LONDON
Assistant United States Attorney

*/s/ Gregory Geist*
GREGORY GEIST
Attorneys for Defendant

DISCOVERY PROTECTIVE ORDER - 4
*United States v. Wolf,* CR24-017 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970